**NOT FOR PUBLICATION**

FILED

MAY 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUEH CHIU LIN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-72913<br><br>Agency No. A070-512-378<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2016 **
Pasadena, California

Before: FISHER, M. SMITH and NGUYEN, Circuit Judges.

Yueh Chiu Lin petitions for review of the decision of the Board of

Immigration Appeals (BIA) dismissing her appeal from the decision of the

immigration judge (IJ) finding her removable. We have jurisdiction under 8

U.S.C. § 1252, and we deny the petition for review.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34 (a) (2).

1. Substantial evidence supports the agency's determination that Lin was inadmissible to the United States because she abandoned her legal permanent resident (LPR) status. Where, as here, the length of a visit abroad is contingent upon the occurrence of an event having a reasonable possibility of occurring within a relatively short period of time and the event does not occur within a relatively short period of time, the visit will be considered a temporary visit abroad only if the alien has a continuous, uninterrupted intention to return to the United States during the entirety of her visit. *See Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006-07 (9th Cir. 2003). Here, Lin's visit to Taiwan lasted four years and seven months. She sold her business and home in the United States and maintained no residence in this country. She maintained no family ties in the United States. She deposited funds from the sale of her home in a bank in Taiwan. Although she contends she was needed in Taiwan to care for her father, she traveled *from* Taiwan to the United States one day *after* her father was hospitalized in 2004. Her explanation for this trip – her need to travel to the United States to take a citizenship examination – was contradicted by her own attorney. In addition, although her father's condition appeared to have stabilized for a significant period of time (he was not hospitalized for three and a half years between August 2005 and January 2009), Lin remained in Taiwan rather than returning to the United

2

States. In light of these considerations and others, substantial evidence supports the agency's conclusion that the government established by clear, unequivocal and convincing evidence that Lin abandoned her LPR status. *See id.* at 1006. We recognize a different factfinder could have reached a different conclusion. Under the substantial evidence standard, however, we are required to sustain the agency's determination unless the evidence *compels* a contrary finding. *See Singh v. Holder*, 656 F.3d 1047, 1051-52 (9th Cir. 2011).

2. Lin's argument that the IJ violated her due process rights by taking over testimony, prejudging the case and asking impossible questions is not supported by the record. Having reviewed the transcript of the proceedings before the IJ, we are persuaded the IJ asked appropriate questions, acted impartially and afforded Lin a full and fair opportunity to present her case. Her due process rights, therefore, were not violated. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) ("A court will grant a petition on due process grounds only if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006))).

3. We find no error in the IJ's reliance on Lin's passport as evidence of her dates of travel. Furthermore, even without the passport, it is undisputed that Lin

3

traveled to Taiwan for four years and seven months between October 2004 and May 2009, and it was this visit to Taiwan upon which both the IJ and the BIA relied in concluding Lin had abandoned her LPR status.

**PETITION DENIED.**